UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL A. MERROW, *individually and as
Guardian of the Person and Property of
Kelly J. Merrow*,

                              **Plaintiff,**

   vs.                                           1:24-CV-1205
                                                     (MAD/TWD)
DELHAIZE AMERICA, LLC WELFARE
BENEFIT PLAN,

                              **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**PRECISION RESOLUTION, LLC**         **PAUL R. LOUDENSLAGER, ESQ.**
1090 Union Road - Suite 230
Buffalo, New York 14224
Attorney for Plaintiff

**O'CONNELL, ARONOWITZ LAW FIRM**   **THOMAS J. DINOVO, ESQ.**
54 State Street
9th Floor
Albany, New York 12207
Attorney for Plaintiff

**GOLDBERG SEGALLA, LLP**             **KENNETH L. BOSTICK, JR., ESQ.**
665 Main Street
Buffalo, New York 14203
Attorney for Defendant

**AXEPOINT LAW**                              **CATHERINE DOWIE, ESQ.**
99 Derby Street - Suite 200
Hingham, Massachusetts 02043
Attorney for Defendant

**AXEPOINT LAW**                              **RYAN L. WOODY, ESQ.**
826 N Plankinton Avenue - Suite 600
Milwaukee, Wisconsin 53203
Attorney for Defendant

1

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On November 2, 2018, Plaintiff Michael A. Merrow, individually and as Guardian of the Person and Property of Kelly J. Merrow ("Plaintiff") filed a complaint in Albany County Supreme Court against Michael Martinelli, M.D., Albany Associates in Cardiology, a Division of Prime Care Physicians, PLLC, St. Peter's Hospital, and St. Peter's Health Partners. *See* Dkt. No. 2. Plaintiff alleged medical malpractice claims against those defendants for their conduct which purportedly caused Kelly Merrow to suffer permanent and serious injuries. *See id.* On May 30, 2023, the parties entered a stipulation of discontinuance by reason of settlement. *See* Dkt. No. 5 at 18-20.

On July 25, 2024, Plaintiff requested an order to show cause why any liens on Kelly Merrow's medical expenses by Delhaize America, LLC Welfare Benefit Plan ("Delhaize") should not be vacated, pursuant to 29 U.S.C. § 1132(a)(1)(B)(2) ("ERISA"). *See* Dkt. No. 1-10 at 28-29. Delhaize was served with the Order to Show Cause on August 28, 2024. *See* Dkt. No. 1-11 at 4-5. On September 30, 2024, Delhaize removed the action from state court to this Court. *See* Dkt. No. 1.

Presently before the Court is Plaintiff's motion to remand the case back to state court. *See* Dkt. No. 16. Delhaize responded in opposition and moved to transfer this case to the Middle District of North Carolina. *See* Dkt. No. 17. Plaintiff replied in further support of his motion to remand and opposed transfer. *See* Dkt. No. 19.

For the following reasons, Plaintiff's motion is granted, and the case shall be remanded to state court.

## II. BACKGROUND

Plaintiff submits a declaration from counsel for Precision Resolution, LLC, which is a company retained by Plaintiff and his attorney "to investigate and resolve a purported claim for reimbursement and/or lien asserted by The Rawlings Company and by EXL, both of which purport to act on behalf of the Delhaize America Plan." Dkt. No. 16-1 at ¶ 5. "Both Rawlings and EXL have asserted liens for the amount of medical expenses that may have been paid by the Plan in relation to the medical malpractice that has been alleged in" the state court action. *Id.* at ¶ 6. The medical malpractice claims arose out of medical care provided to Kelly Merrow in 2016, after which she was diagnosed with a brain injury and spastic quadriparesis. *See id.* at ¶ 3.

The medical malpractice claims were resolved through settlement between Plaintiff and the medical defendants. *See id.* at ¶ 8. The settlement agreement required funds to be held in escrow pending resolution of any liens. *See id.* Negotiations concerning Delhaize's liens failed, so Plaintiff moved for an Order to Show Cause "directing that Delhaize . . . show cause as to why they are entitled to the amount of lien that is sought." *Id.* at ¶ 9. Delhaize was not "a party to the original state court action in any capacity. Likewise, none of its agents, insurers, and/or administrators were a party to that litigation." *Id.* at ¶ 4.

Delhaize agrees that it was not a named defendant in the state court action. *See* Dkt. No. 17 at 6. It was, however, named in the Order to Show Cause wherein Plaintiff asserted that the state court was "permitted to adjudicate the Plan's lien assertion because this Court is authorized under 29 U.S.C. § 1132(a)(1)(B)(2) to enforce the Plan's Participant's (i.e., the Plaintiff's herein), 'rights under the terms of the plan' to receive benefits without being subject to a lien, which is unenforceable." Dkt. No. 17-9 at 5, ¶ 12. Plaintiff requested that the state court declare any liens by Delhaize against any of Plaintiff's settlement proceeds to be null and void. *See id.* at 25-26.

3

Because Plaintiff's requested Order to Show Cause raised an ERISA claim, Delhaize removed the action to this Court.  *See* Dkt. No. 1.

### III. DISCUSSION

Section 1441 of the United States Code sets forth the jurisdictional basis for removal of a state court action: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441; *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) (explaining that Section 1441 "authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court").  "'In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

"Generally, the party attempting to remove a case against a motion to remand bears the burden of establishing the statutory and jurisdictional basis for removal." *Crucible Materials Corp. v. Coltec Indus., Inc.*, 986 F. Supp. 130, 131 (N.D.N.Y. 1997); *see also Boyle v. SEIU Loc. 200 United Benefit Fund*, No. 5:15-CV-517, 2016 WL 3823007, *2 (N.D.N.Y. July 12, 2016). "'When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.'" *Winnie v. Sinagra, et al.*, No. 1:24-CV-940, 2024 WL 4534054, *2 (N.D.N.Y. Oct. 21, 2024) (quoting

4

*Macklin v. Lexington Ins. Co.*, No. 20-CV-05372, 2020 WL 5796814, *2 (S.D.N.Y. Sept. 29, 2020)).

Delhaize removed this action pursuant to the federal question statute, Section 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see* Dkt. No. 1. Delhaize asserted in its notice of removal that "[t]he sole count in this action . . . is one brought by Plaintiff under 29 U.S.C. §1132(a)(1)(B)(2), over which the district courts of the United States have original jurisdiction pursuant to 29 U.S.C. § 1132(e)(1)." Dkt. No. 1 at ¶ 12.

Plaintiff agrees that his claim, as set forth in the Order to Show Cause, is purely federal. *See* Dkt. No. 12; Dkt. No. 16-2 at 8. Plaintiff argues, however, that Delhaize does not have authority to remove anything to this Court because it is not a defendant in the state court case. *See* Dkt. No. 16-2 at 4-5. Delhaize argues that state courts have limited jurisdiction to handle ERISA claims and that because Plaintiff asserted a federal claim against Delhaize, it has removal power. *See* Dkt. No. 17 at 5-6.

Neither party disputes the underlying legal framework for the issues present in this case; namely, that third parties cannot remove actions to federal court under 28 U.S.C. § 1441, and removal from an order to show cause is permissible in certain circumstances. Nevertheless, for clarity in the Court's ruling, it is important to outline those general principles.

The Supreme Court addressed whether a third-party defendant can remove a claim under 28 U.S.C. § 1441 in *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). In that case, Citibank, N.A., filed an action in state court against George Jackson for credit card charges that he owed the bank. *See id.* at 439. Jackson answered Citibank's complaint, filed a counterclaim against Citibank, and filed a third-party claim against Home Depot U.S.A., Inc. and Carolina

5

Water Systems, Inc. for alleged deceptive and unfair trade practices. *See id.* Citibank dismissed its claims against Jackson. *See id.* Home Depot then filed a notice of removal and Plaintiff moved to remand the case. *See id.* The issue before the Supreme Court was whether Home Depot had authority to remove the action. *See id.* at 440.

"Home Depot emphasize[d] that it is a 'defendant' to a 'claim,' but the" the Supreme Court noted that the "statute refers to 'civil action[s],' not 'claims.'" *Id.* at 441. The Supreme Court explained "that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Id.* (citations omitted). "This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* (citations omitted). Therefore, the Supreme Court explained as follows:

> Section 1441(a) [] does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action. And because the "civil action . . . of which the district cour[t]" must have "original jurisdiction" is the action as defined by the plaintiff's complaint, "the defendant" to that action is the defendant to that complaint, not a party named in a counterclaim.

*Id.* at 441-42 (internal quotations omitted). The Supreme Court stated that "[t]he use of the term 'defendant' in related contexts bolsters our determination that Congress did not intend for the phrase 'the defendant or the defendants' in § 1441(a) to include third-party counterclaim defendants." *Id.* at 442. It explained as follows:

> [T]he Federal Rules of Civil Procedure differentiate between third-party defendants, counterclaim defendants, and defendants. Rule 14, which governs "Third-Party Practice," distinguishes between "the plaintiff," a "defendant" who becomes the "third-party plaintiff," and "the third-party defendant" sued by the original

6

>   defendant.  Rule 12 likewise distinguishes between defendants and
>   counterclaim defendants by separately specifying when "[a]
>   defendant must serve an answer" and when "[a] party must serve an
>   answer to a counterclaim."

*Id.* (quotation omitted).

The Supreme Court expressly rejected Home Depot's "assert[ion] that reading 'the defendant' in § 1441(a) to exclude third-party counterclaim defendants runs counter to the history and purposes of removal by preventing a party involuntarily brought into state-court proceedings from removing the claim against it." *Id.* at 443.  It noted that "the limits Congress has imposed on removal show that it did not intend to allow all defendants an unqualified right to remove" and "Home Depot's interpretation makes little sense in the context of other removal provisions." *Id.* at 443-44.  The Supreme Court relied on the unanimity requirement of § 1441(a) which requires consent from all defendants to remove an action and stated that "[u]nder Home Depot's interpretation, 'defendants' in § 1446(b)(2)(A) could be read to require consent from the third-party counterclaim defendant, the original plaintiff (as a counterclaim defendant), and the original defendant asserting claims against them." *Id.* at 444.  The Supreme Court further noted that "Home Depot's interpretation would require courts to determine when the original defendant is also a 'plaintiff' under other statutory provisions. . . .  Instead of venturing down this path, [it held] that a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." *Id.*  The Supreme Court, therefore, concluded that Home Depot was not permitted to remove the action.  *See id.* at 446.

Courts have applied the *Home Depot* case to conclude that a party cannot remove an ERISA action to federal court where the removing defendants were not defendants to the original action.  *See Broad Coverage Serv. v. Oriska Ins. Co.*, No. 20-CV-11108, 2021 WL 930458, *2

7

(S.D.N.Y. Mar. 11, 2021). In *Broad Coverage Service*, the court noted "[t]hat the Third-Party Defendants were first named in the Third-Party Complaint, which included causes of action under ERISA, is simply irrelevant to the question of whether the Third-Party Defendants can seek removal of the original state court action." *Id.*; *see also Spain v. Bice*, No. 7:23-CV-1681, 2024 WL 3106898, *2 (N.D. Ala. June 24, 2024) (concluding that amended cross claim by insurance company defendants raising ERISA did not permit removal); *Woods v. Peters*, No. 5:21-CV-5130, 2021 WL 4352322, *3 (W.D. Ark. Sept. 24, 2021) (concluding that third-party defendants did not have removal authority because they were not named in the original complaint and "the state court did not close the matter entirely, as issues related to the Trust were expected to arise and be resolved by the court"); *KLM Grp., LP v. Axel Royal LLC*, No. 19-CV-531, 2021 WL 677906, *4 (N.D. Okla. Feb. 22, 2021); *Williamson*, 2021 WL 2075727, at *2.[1]

Here, if Delhaize is not a "defendant" then it cannot remove the action under § 1441. Therefore, the Court must ask itself: what is Delhaize? Plaintiff does not answer this question. Plaintiff asserts only that "Delhaize was never a party to the action . . . ." Dkt. No. 19 at 4. If Delhaize is not a party, let alone a defendant, the Court is left wondering how to identify Delhaize.

Delhaize was not named as a defendant in Plaintiff's original state court complaint. *See* Dkt. No. 1-1 at 9-31. Plaintiff never filed an amended complaint. Delhaize was not brought into

---

[1] There is a "minority of courts that believe third-party defendants have removal rights[,] contend[ing] that to limit removal only to the defendant or defendants named in the plaintiff's complaint would subject the removal statute to the vagaries of state third-party practice." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 385 (S.D.N.Y. 2006) (citing *Mignogna v. Sair Aviation, Inc.*, 679 F. Supp. 184, 188-89 (N.D.N.Y. 1988)). These cases, however, predate the Supreme Court's decision in *Home Depot*. *See Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12-CV-5078, 2014 WL 123488, *17 (E.D.N.Y. Jan. 10, 2014) (explaining the majority and minority views and why the minority review should be rejected); *LaurelWood Care Ctr., LLC v. Pavlosky*, No. 3:17-CV-184, 2018 WL 623584, *6 n.7 (W.D. Pa. Jan. 29, 2018).

the action through a counterclaim or a third-party complaint; it was named in a proposed order to show cause. *See* Dkt. No. 1-10 at 1. In Plaintiff's attorney's declaration, he affirmed that Plaintiff knew about Delhaize's liens on Kelly Merrow's medical expenses at the time Plaintiff and the named defendants resolved the medical malpractice claims. *See id.* at 7, ¶ 8.

Delhaize argues that "Plaintiff expressly filed a new federal claim in a case which was already dismissed with prejudice and never reopened." Dkt. No. 17 at 7. Plaintiff asserts that "the subject of the claim by Delhaize America, LLC is part and parcel to the state court's Order approving compromise and distribution of funds." Dkt. No. 16-2 at 8. Plaintiff states that the "order to show cause in Albany Supreme Court is a continuation of the issues which were raised in the state court's compromise order . . . ." Dkt. No. 19 at 4.

Upon review of the state court's docket, it appears that although the claims against the named defendants were dismissed with prejudice, the case was not closed; therefore, there was nothing to reopen. The state court docket reflects the entry of stipulation of discontinuance. *See* Dkt. No. 1-1 at 8. There is no judgment entered nor a notation closing the case. *See id.* The next entry on the docket is Plaintiff's proposed order to show cause. *See id.*

In the state court's discontinuance order, it considered the action to be "settled and compromised" and ordered that the case "be stricken from the [c]ourt's calendar." Dkt. No. 17-6 at 6. However, the decision ordered "that O'Connell and Aronowitz, P.C., shall set aside from the settlement proceeds the sum of One Million Five Hundred Thousand . . .which shall be placed in an escrow account to be maintained by O'Connell and Aronowitz, P.C., for the exclusive purpose of paying any valid liens, once the final amount of such liens is negotiated and determined[.]" *Id.* at 4. The order also required "any funds remaining from the aforementioned escrow account,

9

after payment of agreed-upon final valid lien amounts to the lienholders, [to] be deposited into the" Plaintiff's trust. *Id.* at 5.  This order was signed on May 1, 2023. *See id.* at 6.

Plaintiff filed the proposed show cause order on July 25, 2024. *See* Dkt. No. 1-10 at 1-29. The state court entered the show cause order on August 26, 2024. *See* Dkt. No. 1-11 at 3.  Then, on September 23, 2024, the state court adjourned the show cause briefing schedule, based on Plaintiff and Delhaize's request, because they were in "promising settlement negotiations." *Id.* at 8-9.  The case caption of the adjournment order was not amended and reflected only the original named defendants. *See id.* at 8.  The adjournment order is the last entry on the state court's docket. *See* Dkt. No. 1-1 at 8.

The filings in state court indicate an intention for the state court to retain jurisdiction over the ERISA claims.  The state court indicated in the discontinuance order that negotiations would be had concerning any liens and it does not appear that the state court closed the case.  It then issued the order to show cause concerning Delhaize's liens and adjourned consideration of the merits pending negotiations between Plaintiff and Delhaize.  This demonstrates a continuation of Plaintiff's case concerning the settlement funds received from the named defendants.  However, the case caption was never amended to name Delhaize as a defendant.  No complaint was filed naming Delhaize as a defendant.  Therefore, the state court's docket does not unequivocally establish Delhaize's status as a defendant.  If Delhaize is not a defendant, then what is it?

The Supreme Court, in *Home Depot*, explained that it "use[d] the term 'third-party counterclaim defendant' to refer to a party first brought into the case as an additional defendant to a counterclaim asserted against the original plaintiff." *Home Depot*, 587 U.S. at 440.  The Court will separate the Supreme Court's term into its parts to demonstrate that Delhaize also fails to meet that definition.

First, Federal Rule of Civil Procedure 14 states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." FED. R. CIV. P. 14(a)(1).  "The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." FED. R. CIV. P. 14(b).  Delhaize is not a third-party defendant because none of the original defendants brought any claims against Delhaize and neither party contends that Delhaize could have been held liable for the medical defendants' conduct.  *See Gabriel Cap., L.P. v. Natwest Fin., Inc.*, 137 F. Supp. 2d 251, 258 (S.D.N.Y. 2000) ("In order to bring a third party action the defendant must plead that if it is liable to the plaintiff, then the third party is liable to it. . . .  Rule 14(a) requires that the third-party defendant's liability be derivative of or secondary to that of the defendant in the main action") (citation omitted).

Second, Federal Rule of Civil Procedure 13 defines a counter claim as "any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a)(1).  The Rule also notes that "[a] pleading may state as a counterclaim against an opposing party any claim that is not compulsory." FED. R. CIV. P. 13(b).  Delhaize did not bring a counter claim against Plaintiff.

Another issue concerns whether the order to show cause constitutes a "pleading" or a "civil action."  *Compare* 28 U.S.C. § 1441(a) (discussing the removal of "any action"), *with* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30

11

days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such *initial pleading* has then been filed in court and is not required to be served on the defendant, whichever period is shorter") (emphasis added).  Plaintiff agrees that it "made" "claims" in the Order to Show Cause.  *See* Dkt. No. 16-2 at 8.  However, it argues that "there as no civil action pending in the Albany Supreme Court which the District Courts had original jurisdiction[.]"  *Id.* at 4-5.

"While the Court of Appeals for the Second Circuit has not addressed what constitutes an initial pleading under the removal statute, courts in th[e Southern] District have held that any document from which the defendant can 'intelligently ascertain removability' constitutes an initial pleading."  *Figueroa v. Kim*, 813 F. Supp. 267, 268 (S.D.N.Y. 1993) (collecting cases).  28 U.S.C. § 1446, the statute outlining the "procedure for removal of civil actions" instructs that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Courts have permitted removal from an order to show cause where the claims raised in the order are completely preempted by federal law.  *See Guzman v. First Chinese Presbyterian Cmty. Affs. Home Attendant Corp.*, 520 F. Supp. 3d 353, 360 (S.D.N.Y. 2021) (collecting cases).  This "is a 'complete preemption' corollary to the well-pleaded complaint rule: '[w]hen federal common or statutory law so utterly dominates a preempted field that all claims brought within the field necessarily arise under federal law, a complaint purporting to raise state law claims in that field actually raises federal claims,' and thus is subject to removal."  *Id.* at 359.  Here, Plaintiff admits

that his claim against Delhaize is entirely federal as it arises under ERISA. *See* Dkt. No. 12; Dkt. No. 16-2 at 8. However, the removing party in *Guzman* and the cases it cites were defendants to the original complaint in the state court action. *See Guzman*, 520 F. Supp. 3d at 355; *see also Smith v. Wartburg Adult Care Cmty.*, No. 18-CV-12240, 2020 WL 777336, *1 (S.D.N.Y. Feb. 18, 2020); *Basir v. New Carlton Rehab. & Nursing Ctr.*, No. 13-CV-5726, 2015 WL 5579863, *1 (E.D.N.Y. Sept. 22, 2015); *Collaku v. Temco Serv. Indus., Inc.*, No. 18-CV-4054, 2019 WL 452052, *1 (S.D.N.Y. Feb. 5, 2019).

There is also case law discussing whether the removal of an order to show cause requesting pre-action discovery under New York CPLR § 3102(c) constitutes an "initial pleading" sufficient to permit removal. Courts have come to contrary conclusions but appear to ask whether the show cause order set forth a specific claim for relief that creates a federal case or controversy. *See Doe v. Nassau Cnty. Police Dep't*, 221 F. Supp. 3d 289, 291 (E.D.N.Y. 2016); *Bryan v. Am. W. Airlines*, 405 F. Supp. 2d 218, 221 (E.D.N.Y. 2005); *Christian, Klein, & Cogburn v. Nat'l Ass'n of Sec. Dealers, Inc.*, 970 F. Supp. 276, 278 (S.D.N.Y. 1997). The cases that have concluded such an order cannot support removal have noted that a § 3102(c) motion is generally filed before an action has been commenced; therefore, "a § 3102(c) petition does not institute a 'civil action' under § 1441." *Teamsters Loc. 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, 906 F.3d 260, 265 (2d Cir. 2018); *see also Malave ex rel. Torres v. Costco Wholesale Corp.*, No. 02-CV-6480, 2002 WL 31016663, *2 (S.D.N.Y. Sept. 9, 2002); *Dublin Worldwide Prods. (USA), Inc. v. Jam Theatricals, Ltd.*, 162 F. Supp. 2d 275, 278 (S.D.N.Y. 2001).

In *Teamsters Loc. 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, 906 F.3d 260, 265 (2d Cir. 2018), the Second Circuit explained that it would not expand the definition of "civil action" under § 1441 to "include instances in which an action has not been commenced" because

13

"to hold otherwise, [] would force the district courts to decide if they have subject matter jurisdiction before a complaint has been filed or a cause of action stated . . . ." *Teamsters*, 906 F.3d at 267. The Second Circuit explained that "[a]t the time a § 3102(c) petition is filed, the scope of future litigation, if any, is uncertain, as that petition does not commit the petitioner to any future course of action." *Id.*

Applying the Second Circuit's logic to the Order to Show Cause in this case compels the opposite conclusion. The Order set forth a certain path for future litigation of the case. *See* Dkt. No. 1-11 at 1-3. It was also filed in a case that had already been commenced and proceeded for numerous years. It requested a specific form of relief. *See id.* at 2. Therefore, under the logic of *Teamsters*, the Order to Show Cause would be part of a "civil action."

However, even if the Order to Show Cause supports removability under §§ 1441 and 1446, Delhaize must still be a "defendant" as referred to in both statutes. Delhaize does not meet the definition of a "defendant" under § 1441 according to the Supreme Court's analysis in *Home Depot* because it was not "the defendant to [Plaintiff's] complaint . . . ." *Home Depot*, 587 U.S. at 442. If Delhaize is not a defendant, a third-party defendant, a counterclaimant, or a third-party counterclaim defendant, then what is it?

Discussion in the dissent in *Home Depot* plays out this conundrum. The dissent asserted as follows:

> There are, of course, some differences between original and third-party defendants. One is brought into a case by the first major filing, the other by the second. The one filing is called a complaint, the other a countercomplaint. But both kinds of parties are defendants to legal claims. Neither chose to be in state court. Both might face bias there, and with it the potential for crippling unjust losses.

*Home Depot*, 587 U.S. at 447–48 (dissent, Alito, J.).  Justice Alito explained that "[a]ccording to legal as well as standard dictionary definitions available in 2005, a 'defendant' is a 'person sued in a civil proceeding,' . . . and the term is 'opposed to' (contrasted with) the word 'plaintiff[.]'"  *Id.* (quoting Black's Law Dictionary 450 (8th ed. 2004); (citing 4 Oxford English Dictionary 377 (2d ed. 1989) (OED) ("A person sued in a court of law; the party in a suit who defends; opposed to plaintiff")).  The dissent concluded that "[w]hat [was] before [the Supreme Court] is a civil proceeding in which Home Depot is not a plaintiff and is being sued.  So Home Depot is a defendant, as that term is ordinarily understood." *Id.* at 454.

A law review article has likewise highlighted the potential lack of workability with the Supreme Court's holding, asserting that the term "'third-party counterclaim defendant—[] not only does not exist under the Federal Rules but, in reality, is an oxymoron."  William P. Barnette, *Misunderstanding Original Jurisdiction and the Meaning of Defendant: A Textual Analysis of Home Depot v. Jackson*, 39 Rev. Litig. 119, 151 (2019).  "That is, a party cannot be both a third-party defendant, meaning by definition, it began the case as a 'nonparty,' and a counterclaim defendant, meaning by definition, it began the case as a party by asserting a claim against an opposing party."  *Id.* at 151-52.  "Crucially, in the absence of this invented term, Home Depot would have been referred to as what it, in reality, is--a 'defendant'--and its right to remove would have been abundantly clear."  *Id.* at 152.  "Instead, by 'assuming what is to be proved'--namely, that Home Depot was a 'third-party counterclaim defendant' instead of just a 'defendant'--the Court effectively begged the question." *Id.*  The article further noted that, "the Rule 20 definition of 'defendant' as any party having a 'right to relief asserted against' it would include Home Depot." *Id.*

15

Delhaize's response to Plaintiff's motion for remand also identifies the impracticalities of the conclusion that Delhaize is not a "defendant" with the power to remove the case under § 1441. First, in a letter submitted to the Court in advance of the parties' filings, Plaintiff acknowledged that if the Court denied the motion to remand, he would seek to file an amended complaint which would assert exclusively federal causes of action which "were not available in the original state court filing." Dkt. No. 12 at 2; *see also* Dkt. No. 17 at 9. If Plaintiff filed an amended complaint, it would name Delhaize as a defendant. This begs the question of why the Court must remand this case solely because Delhaize has not yet been formally named in a complaint when Plaintiff admits that it is suing Delhaize as a defendant. Second, Delhaize logically contends that "if Delhaize is not a Defendant, there is no 'case or controversy' subject to remand. If there is no case or controversy, this matter should be dismissed from the Court's docket, not sent to another court." Dkt. No. 17 at 12.

Nevertheless, despite Delhaize being in an opposing position from Plaintiff, being put on notice of the federal claim against it, and Delhaize not being a counterclaimant or third-party defendant, the Court is not permitted to conclude that Delhaize is a defendant with removal power because it is bound to apply Supreme Court precedent. The Supreme Court has instructed that § 1441 "refers to 'civil action[s],'" which "requires a district court to evaluate whether the plaintiff could have filed its *operative complaint* in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Home Depot*, 587 U.S. at 441. Plaintiff's operative complaint could not have been brought in federal court because it raised only medical malpractice claims and the parties were not completely diverse. "[B]ecause the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's *complaint*, [and] 'the defendant' to that action is the defendant to that

16

*complaint*," Delhaize does not have the power to remove the case from the Show Cause Order because it was not named as a defendant in Plaintiff's complaint. *Home Depot*, 587 U.S. at 442. Importantly, "any doubts about jurisdiction should be resolved against removal." *Legister v. Pagones*, No. 19-CV-3676, 2019 WL 2408029, *1 (S.D.N.Y. June 5, 2019) (citing *Teamsters*, 906 F.3d at 267. As such, Plaintiff's motion is granted, and the case shall be remanded.[2]

## IV. CONCLUSION

Upon careful consideration of the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** the Plaintiff's motion to remand (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall **REMAND** this action to state court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: April 15, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[2] Because the Court has concluded that remand is necessary, the Court will not address Delhaize's alternative argument regarding transfer.